FILED
2022 Sep-07 AM 09:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BARRY ROSHAN DOWDELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-1352-LSC-GMB |
| ) | |
| GIVENS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM OPINION**

The Magistrate Judge entered a report (Doc. 15) on July 28, 2022 recommending the dismissal of this petition for writ of habeas corpus. Specifically, the court recommended that (1) the portion of the petition attacking Petitioner Barry Roshan Dowdell's 1986 convictions and sentence be dismissed for lack of jurisdiction and (2) the portion of his petition attacking his 2011 convictions and sentence be dismissed with prejudice as untimely. Doc. 15. Although Dowdell had until August 11, 2022 to file objections (Doc. 15 at 16), he did not mail his objections until August 16, 2022. Doc. 18 at 3. Despite this late submission, the court will consider his objections.

Dowdell's objections do not, however, explain why he should be excused for the untimely filing of his federal habeas petition. Dowdell does not dispute that the court cannot exercise jurisdiction under § 2254 for any challenge he may have to his

1986 convictions and sentence because he has already served this sentence and is no longer in custody for the 1986 conviction. *See* Doc. 15 at 7–8. And as to his 2011 convictions, Dowdell's objections do not dispute that his petition is untimely.[1] *See* Doc. 15 at 9–11. He also does not claim that statutory tolling applies. Finally, although Dowdell mentions "truly extraordinary circumstances" (Doc. 18 at 2), he does not explain how these circumstances prevented the timely filing of his petition such that the one-year limitation period under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") should be equitably tolled. *See* Doc. 15 at 12. Accordingly, Dowdell's objections are **OVERRULED**.

After careful consideration of the record in this case and the Magistrate Judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that (1) the portion of the petition for writ of habeas corpus attacking the 1986 convictions and sentence is due to be dismissed for lack of jurisdiction; and (2) the portion attacking the 2011 convictions and sentence is due to be dismissed with prejudice as untimely.

This court may issue a certificate of appealability "only if the applicant has a

---

[1] Dowdell states, for example, that "the Magistrate used speculation about a hypothetical jury's action when the Petitioner Dowdell has been prejudiced and discriminated against by the court system of Alabama, and now this Federal is in dispute and conflict with state laws and Federal laws." Doc. 18 at 2. Dowdell's statement is not only confusing but also inconsistent with the Magistrate Judge's findings, which are not speculative and do not reference a "hypothetical" jury action.

made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds the petitioner's claims do not satisfy either standard.

A final judgment will be entered.

**DONE** and **ORDERED** on September 7, 2022.

_____
L. Scott Coogler
United States District Judge

160704